UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
MAXINE BLOCKER-BURNETTE,                 )
                                         )
            Plaintiff,                   )
                                         )
        v.                               )    Civil Action No. 09-1185 (PLF)
                                         )
THE DISTRICT OF COLUMBIA, *et al.*,      )
                                         )
            Defendants.                  )
_____)

## MEMORANDUM OPINION

This employment discrimination matter is before the Court on defendants' motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. *Pro se* plaintiff Maxine Blocker-Burnette was employed by the District of Columbia Department of Health, Addiction Prevention and Recovery Administration at all times relevant to this lawsuit. She was terminated from that job in 2007, and now alleges that the termination was the result of discrimination on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, ("ADEA") and on the basis of her family responsibilities in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.*, ("DCHRA").

Upon review of the parties' papers, it is clear to the Court that through the course of briefing, the parties have resolved numerous of the issues raised in the defendants' motion. Specifically, plaintiff has agreed that the individually named defendants should be dismissed. The District of Columbia has agreed with plaintiff that she adequately exhausted her ADEA

claim, and therefore withdrew its motion to dismiss that claim.[1]  It appears that the District has also conceded its argument that plaintiff's claim under the DCHRA is barred by the statute of limitations.  The only remaining issue for the Court therefore is whether plaintiff provided adequate notice of her claim under DCHRA to the Mayor as required by Section 12-309 of District of Columbia Code.

I.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).[2]  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Id. at 544 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

---

[1]   Plaintiff has filed a motion to "maintain [her] complaint for age discrimination."  In light of the defendants' withdrawal of their motion to dismiss the ADEA claim, the Court will deny plaintiff's motion as moot.

[2]   A motion to dismiss pursuant to Rule 12(b)(6) rather than Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate because "Section 12-309 is not jurisdictional . . . Unlike a jurisdictional bar, the Section 12-309 ground for dismissal of an action is simply a 'penalty for noncompliance.'"  Sanders v. District of Columbia, Civil Action No. 97-1238, 2002 U.S. Dist. LEXIS 6818 at *5 (Apr. 15, 2002) (quoting Brown v. United States, 742 F. 2d 1498, 1509 (D.C. Cir. 1984)).

conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, because Rule 8(a)(2) requires a "showing," rather than a "blanket assertion," of entitlement to relief, id. at 555 n.3. The complaint must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson).

## II.  DISCUSSION

The District of Columbia argues that plaintiff's claim under the DCHRA should be dismissed because plaintiff failed to provide notice of her claim to the District pursuant to Section 12-309 of the District of Columbia Code. Section 12-309 provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309. The notice requirement is a prerequisite to a suit against the District of Columbia "because it represents a waiver of sovereign immunity." Faison v. District of Columbia, 664 F. Supp. 2d 59, 68 (D.D.C. 2009) (citing Johnson v. District of Columbia, 572 F.

3

Supp. 2d 94, 111 (D.D.C. 2008)). Compliance with the notice requirement is mandatory. See id. "Courts should strictly construe Section 12-309's notice requirements." Day v. District of Columbia Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 158 (D.D.C. 2002). The District of Columbia Court of Appeals recently held, as have many judges of this Court, that Section 12-309 applies to suits brought against the District of Columbia under the DCHRA. See Owens v. District of Columbia, 993 A.2d 1085, 1087-88 (D.C. 2010) (collecting cases).

Plaintiff received her letter of termination on October 24, 2007. She sent a complaint letter to the Department's EEOC office on January 30, 2008. See Opp., Ex. 2 at 3 (January 30, 2008 letter from plaintiff to Bernadine Brown, EEOC Officer). She also submitted a complaint to the District of Columbia Office of Human Rights ("OHR") via the internet and received both an online confirmation on February 25, 2007, see Opp., Ex. 5 at 2 (computer screen shot showing that a complaint intake questionnaire was submitted), and a letter confirming that the OHR received her complaint on March 4, 2008. See Opp., Ex. 5 at 3 (letter from Alease Parsons to plaintiff acknowledging receipt of plaintiff's complaint form and scheduling an intake interview). It is undisputed, however, that plaintiff did not provide a written notice directly to the Mayor.[3]

Plaintiff argues that her OHR complaint, filed in late February, constitutes sufficient notice. Only two types of notice can satisfy the requirements of Section 12-309,

---

[3] Although the District initially moved to dismiss the DCHRA claim based on the statute of limitations, it appears to have abandoned the argument in its reply, presumably because plaintiff filed exhibits establishing her participation in the administrative process. In any event, the timely filing of a complaint with the OHR tolls the running of the statute of limitations while the complaint is pending. See D.C. Code § 2-1403.16. Plaintiff received her right to sue letter on March 31, 2009, see Opp., Ex. 7 (Notice of Right to Sue) and filed the lawsuit before the Court on June 29, 2010. It appears, therefore, that her complaint was filed well within the one year statute of limitations provided by D.C. Code § 2-1403.16.

however: (1) a written notice to the Mayor of the District of Columbia, or (2) a police report prepared in the regular course of duty.  See Brown v. District of Columbia, 251 F. Supp. 2d 152, 165 (D.D.C. 2003); Sanders v. District of Columbia, 2002 U.S. Dist. LEXIS 6818 at *2.  Because the notice requirement must be strictly construed, see Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d at 158, the Court cannot conclude that plaintiff's filing with the OHR substituted for written notice to the Mayor.  Cf. Brown v. District of Columbia, 251 F. Supp. 2d at 158 (police officer's letter sent to the police chief, the District's Attorney General, and other government officials alleging intentional infliction of emotional distress and other torts did not satisfy the requirements of Section 12-309.).

Plaintiff also argues that according to Mayor's Order 2009-91, see Opp., Ex. 1 at 2 (Memorandum from D.C. Mayor Adrian M. Fenty discussing the designation of officers to accept service of process on behalf of the Mayor), her DCHRA claim meets the mandatory notice requirement because notice was given to OHR when she filed her complaint.  Opp. at 5.  The plaintiff's reliance on Mayor's Order 2009-91 is incorrect.  That Order deals with service of process in cases where the Mayor or the District of Columbia has been sued.  See Mayor's Order at 2.  The Order does not address, either directly or indirectly, Section 12-309's notice requirement.  In arguing that Mayor's Order 2009-91 applies to this case, plaintiff has confused Section 12-309's mandatory notice requirements with the requirements for service of process on the Mayor after a suit has been filed.  Because the plaintiff did not comply with the statutory requirements of Section 12-309, plaintiff's claim for unliquidated damages is barred.

Plaintiff also argues, however, that even if the failure to give notice under Section 12-309 bars her from collecting unliquidated damages, it does not bar her claims for back pay

5

and injunctive relief. Plaintiff is correct on this point. Section 12-309 only requires notice for damages that are "unliquidated." D.C. Code § 12-309. Plaintiff's claims for liquidated damages may proceed regardless of whether notice was properly given. See Elzeneiny v. District of Columbia, Civil Action No. 09-889, 2010 U.S. Dist. LEXIS 29726 at *8 (D.D.C. March 29, 2010); Chisholm v. District of Columbia, 533 F. Supp. 2d 175, 178-79 (D.D.C. 2008) (citing Beeton v. District of Columbia, 779 A.2d 918) (D.C. 2001)).

The Court therefore must determine to what extent plaintiff is claiming damages that may qualify as "liquidated." As Judge Kollar-Kotelly recently explained in a very similar case, under District of Columbia Law a debt is liquidated if "at the time it arose, it was an easily ascertainable sum certain." Elzeneiny v. District of Columbia, 2010 U.S. Dist. LEXIS 29726 at *9 (quoting District of Columbia v. Campbell, 580 A.2d 1295, 1300 (D.C. 1990)). See also Chisholm v. District of Columbia, 533 F. Supp. 2d at 179. Plaintiff seeks damages of "$500,000 with interest and costs; reinstatement to [her] job as supervisory Program Analyst without a break in service with back pay and punitive damages, including an injunction restraining Defendants and its agents from discriminating against [her] . . . ." Complaint at 4.

In general, back pay awards are easily ascertainable and therefore qualify as liquidated damages. See Elzeneiny v. District of Columbia, 2010 U.S. Dist. LEXIS 29726 at *9 (citing Chisholm v. District of Columbia, 533 F. Supp. 2d 175, 179 (D.D.C. 2008); Beeton v. District of Columbia, 779 A.2d 918, 925 (D.C. 2001)). Furthermore, in employment discrimination cases, awards of back pay are considered to be equitable relief, which also is not barred by Section 12-309. Elzeneiny v. District of Columbia, 2010 U.S. Dist. LEXIS 29726 at *9-10 (citing Caudle v. District of Columbia, Civil Action No. 08-0205, 2008 WL 3523153 at *2

(D.D.C. Aug. 13, 2008)). Similarly, Section 12-309 does not bar plaintiff's request for other equitable relief, such as reinstatement to her job without a break in service and an injunction restraining defendants and its agents from discriminating against her. See id. Finally, attorneys' fees — to the extent plaintiff may seek them — are not generally considered damages at all under District of Columbia law and thus are not encompassed by the phrase "unliquidated damages" in Section 12-309. See id.

In her complaint, however, plaintiff also seeks, for unspecified reasons, "$500,000 with interest and costs . . . and punitive damages." See Complaint at 4. Because these damages were not easily ascertainable at the time they arose, they are considered unliquidated damages and are barred by Section 12-309's notice requirement. See Elzeneiny v. District of Columbia, 2010 U.S. Dist. LEXIS 29726 at *10. The Court therefore will dismiss plaintiff's DCHRA claim insofar as it seeks any unliquidated damages, such as compensatory and punitive damages.

An appropriate Order to accompany this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 13, 2010